# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LARRY D. WILLIAMS,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-101**     (JCN: 2021001728)

**ARCH COAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Williams appeals the February 12, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Arch Coal, Inc.[1] ("Arch") timely filed a response.[2] Mr. Williams did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted a 0% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision reversing and remanding the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the compensable injury in this case, a May 23, 2007, x-ray revealed mild degeneration at L1-L2, mild lumbar vertebral body lipping, and hypoplastic twelfth rib.

Mr. Williams completed an Employees' and Physicians' Report of Occupational Injury on July 23, 2020, in which he stated that he injured his right lower back on July 22, 2020, while moving a miner cable at work. The physician's section of the form,

---

[1] For reasons not readily apparent in the record, Arch's counsel has substituted "IGC Beckley, LLC" for the employer that was identified below as "Arch Coal, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.,* 247 W. Va. 367, 369 n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal, "Arch Coal, Inc."

[2] Mr. Williams is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Arch is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

which was completed by personnel at Raleigh General Hospital on July 24, 2020, stated that Mr. Williams had an occupational injury of acute lumbar strain; that the injury did not aggravate prior injury or disease; and that Mr. Williams should be kept off work for three days.

On August 21, 2020, Mr. Williams underwent an x-ray of his lumbar spine. The x-ray revealed worsening of degenerative disc disease and facet arthropathy. On December 10, 2020, Mr. Williams underwent an MRI of his lumbar spine, which revealed six non-rib-bearing vertebral bodies; a left midline disc bulging and disc degeneration at L5-L6; posterior disc straightening and disc degeneration at L2-L3; bilateral neural foraminal compromise at each lumbar level except L6-S1; and diminutive spinal canal caliber throughout the length of the lumbar spine. It was noted that since the study from 2007, there had been significant interval change with worsening of degenerative disc disease and facet arthropathy.

An Office of Judges decision dated December 8, 2020, reversed the claim administrator's order of August 18, 2020, which rejected the claim, and ordered the claim administrator to recognize the claim as compensable for lumbar strain.[3] By order dated June 16, 2021, the claim administrator held the claim compensable for lumbar sprain and L4-L5 lumbar radiculopathy.

Mr. Williams' lower extremity EKG of March 29, 2021, revealed active right L4-L5 radiculopathy and incidental, mild polyneuropathy, consistent with his history of borderline diabetes. Barry Vaught, M.D., opined that the symptoms Mr. Williams described were those of meralgia paresthesia, which the test could not fully evaluate.

On July 21, 2021, Mr. Williams underwent an MRI of his lumbar spine. The impression was left of midline disc bulging, disc degeneration, and left neural foraminal compromise at L4-L5; bilateral neural foraminal compromise at L1-L2, L2-L3, and L3-L4; overall diminutive caliber of the lumbar spine canal; osteoarthritic lumbar vertical body lipping and facet hyperostosis; mild old anterior T11 vertebral body compression fracture; and multilevel disc degeneration sparing only L5-S1.

On November 11, 2021, Marsha Bailey, M.D., performed an independent medical evaluation ("IME") of Mr. Williams at the request of Arch. Mr. Williams reported constant lower back pain, which he described as a shooting pain in his right lower back that extended to his upper lumbar spine and his right hip at the greater trochanteric region

---

[3] The ALJ's decision indicates that the claim administrator's August 18, 2020, order rejected Mr. Williams' application for workers' compensation benefits on the basis that Mr. Williams did not sustain an injury in the course of and as a result of employment.

2

as well as his posterolateral leg. Dr. Bailey opined that it was reasonable to believe that Mr. Williams may have sustained a relatively minor lumbar sprain and strain as a result of his work accident on July 12, 2020. However, Dr. Bailey stated that the minor lumbar sprain and strain had long since resolved and that it was not responsible for Mr. Williams' current complaints. Dr. Bailey opined that Mr. Williams was at maximum medical improvement ("MMI") for the diagnosis of lumbar sprain and strain. She noted that while Mr. Williams' claim was also compensable for L4-L5 radiculopathy, she did not believe that diagnosis to be medically accurate, as Mr. Williams had no physical examination findings to support a diagnosis of lumbar radiculopathy and neither of his lumbar spine MRI's revealed changes to the right of the L4-L5 disc region to support a diagnosis of L4-L5 radiculopathy.

Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Bailey placed Mr. Williams in Category IIB for 5% whole person impairment ("WPI"). According to Dr. Bailey, Mr. Williams' range of motion scores were invalid. Using West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Bailey classified Mr. Williams under Lumbar Category II of Rule 20 Table 85-20-C with the impairment range of 5-8% WPI. Dr. Bailey apportioned the entire 5% WPI to preexisting and nonoccupational conditions and concluded that there was 0% WPI for the compensable condition in this claim.

On December 6, 2021, the claim administrator issued a decision closing the claim for permanent partial disability ("PPD") benefits, based on Dr. Bailey's report, which stated that Mr. Williams had 0% PPD for the lumbar spine. Mr. Williams protested this decision.

On June 23, 2022, Mr. Williams underwent an additional IME performed by Michael Kominsky, D.C. Mr. Williams reported continual lower back pain and right leg pain and stated that sitting makes his lower back pain worse. Dr. Kominsky's impression was L4-L5 acute right radiculopathy; lumbar joint dysfunction; L4-L5 disc protrusion, complicated by foraminal and canal stenosis; lumbar facet syndrome; right L5 nerve root compression; and bilateral foraminal compromise L1-L2, L2-L3, and L3-L4. Dr. Kominsky opined that Mr. Williams had reached MMI for the compensable injury but stated that Mr. Williams would likely require follow-up treatment for signs and symptoms associated with disc protrusion at L4-L5 affecting the nerve roots at that level.

Using the *Guides*, Dr. Kominsky determined that Mr. Williams had a 5% WPI from Table 75; for his abnormal motion he had 7% WPI; and from neurological deficits due to right L5 radiculopathy, from Table 83, he had 5% WPI. Using the combined values chart of the Guides, Dr. Kominsky opined that Mr. Williams had 16% WPI. Using West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Kominsky placed Mr. Williams in Lumbar Category III of Table 85-20-C, which has an impairment range of 10-13%, which he adjusted to 13%. He noted that Mr. Williams' physical examination

showed significant signs of radiculopathy such as pain in a dermatomal distribution, sensory loss, and loss of muscle strength. Dr. Kominsky apportioned 2% of Mr. Williams' impairment to preexisting degenerative changes and 11% WPI to the compensable injury. Dr. Kominsky did not explain his reasoning for this apportionment.

On September 25, 2023, Jennifer Lultschik, M.D., performed an additional IME. Mr. Williams reported constant low back pain in the right side, and numbness in his right lateral thigh. He also stated that he was off work from the date of the injury until he resigned from his employment with Arch in March 2021 and that he had since found a new job driving a commercial truck for Brown Food Services. Dr. Lultschik opined that Mr. Williams had reached MMI for the compensable conditions in the claim, and that his condition was not anticipated to change with or without further treatment. Dr. Lultschik also noted that Mr. Williams no longer had clinical findings consistent with active radiculopathy, although the diagnosis of L4-L5 radiculopathy had been accepted in the claim.

Using Table 75 of the *Guides*, Dr. Lultschik placed Mr. Williams in Class IIA, with 0% WPI of the lumbar spine. Applying Rule 20 Table 85-20-C, Dr. Lultschik placed Mr. Williams in Category I, with 0% WPI, and apportioned all impairment to preexisting conditions. With respect to the diagnosis of L4-L5 lumbar radiculopathy, Dr. Lultschik stated that Mr. William's right lateral thigh symptoms were more consistent with meralgia paresthetica and/or greater trochanteric pain syndrome rather than a radicular pattern. Further, she noted that Dr. Kominsky did not explain why only 2% of Mr. Williams' impairment would be attributed to his extensive preexisting degenerative changes.

By order dated February 12, 2024, the Board affirmed the claim administrator's decision, and concluded that Mr. Williams has no permanent impairment from his compensable injury. The Board noted that although Dr. Kominsky found 11% impairment for the compensable injury, which included neurologic impairment for sensory and motor deficits, Drs. Bailey and Lultschik did not find any sensory or motor deficits. The Board concluded that Dr. Kominsky's report was an outlier, and therefore not persuasive. It is from this order that Mr. Williams now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

4

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __ S.E.2d __ (2024).

On appeal, Mr. Williams raises a single assignment of error, in which he argues that the Board was clearly wrong in finding that he did not prove by a preponderance of the evidence that he sustained more than a 0% whole person impairment for his compensable injury. Mr. Williams also argues that the Board disregarded the fact that the claim was compensable for radiculopathy. Thus, Mr. Williams argues that Dr. Kominsky's report is the most accurate reflection of his diagnoses.

Upon review, we reverse and remand the case for further development of the evidentiary record and analysis under *Duff v. Kanawha County Commission*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024). In Syllabus Point 6 of *Duff*, the Supreme Court of Appeals of West Virginia held that:

> Under West Virginia Code § 23-4-9b (2003), the employer has the burden of proving apportionment is warranted in a workers' compensation case. This requires the employer to prove the claimant "has a definitely ascertainable impairment resulting from" a preexisting condition(s). This requires that employer prove that the preexisting condition(s) contributed to the claimant's overall impairment after the compensable injury and prove the degree of impairment attributable to the claimant's preexisting condition(s).

Accordingly, we reverse and remand the case for further development of the evidentiary record and analysis under *Duff*.

Reversed and Remanded.

**ISSUED:** September 4, 2024

5

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear


Chief Judge Thomas E. Scarr, not participating.